1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES WANG, | Case No.: C 11-01415 PSG |
| Plaintiff, | **ORDER DENYING MOTION FOR CONSOLIDATION AND DENYING MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL** |
| v. | |
| OCZ TECHNOLOGY GROUP, INC., | |
| Defendant. | **(Re: Docket No. 11)** |

Pending before the court is Plaintiff James Wang's ("Wang") motion for consolidation and motion for appointment of interim class counsel. Having considered the arguments presented to the court in written briefs and at oral argument, for the reasons discussed below, Wang's motions are DENIED.

## I.  BACKGROUND

On March 24, 2011, Wang filed this putative class action alleging that in marketing and selling certain solid state drive data storage devices ("SSDs") Defendant OCZ Technology Group, Inc. ("OCZ") made material misstatements that constitute deceptive advertising practices, unfair business practices, negligent misrepresentations, breach of an express warranty, unjust enrichment, and violations of the California Consumers Legal Remedy Act.

Case No.: 11-01415 PSG
ORDER

On May 18, 2011, Wang filed a motion for consolidation of related cases for all purposes but states that he is unaware of any such related cases. Wang also moves for appointment of Wang's counsel, the Rosen Law Firm and the Hinton Law Firm, as co-lead interim class counsel. OCZ opposes both motions. The court heard oral argument on June 29, 2011.

## II. MOTION TO CONSOLIDATE CASES

The Court has discretion to consolidate actions involving a common question of law or fact. Federal Rule of Civil Procedure 42(a) provides

"If actions before the court involve a common question of law or fact, the court may:
(1) join for hearing or trial any or all matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay."

To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation.[1]

Although Wang is unaware of any other cases related to this action, he argues that an order relating all future related cases would preserve judicial economy and efficiency because, given the broad scope of Wang's claims and the nationwide class sought, subsequent actions will inevitably involve similar factual and legal grounds to support claims for recovery by overlapping classes. Wang argues that permitting these separate actions to proceed independently would result in unnecessary delay and would disrupt the progress of this action.

OCZ argues this motion is premature because Wang has not pointed to any possibly-related action pending anywhere in the country, much less one that is before this court and thus subject to consolidation. OCZ argues that because there is no second action to analyze, the court cannot properly apply the Rule 42 standard and determine whether there exist common questions of law or fact, or whether the interest of judicial convenience outweighs the potential for delay, confusion and prejudice cased by consolidation.

---

[1] *See Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 806 (N.D. Cal. 1989).

2

Case No.: 11-01415 PSG
ORDER

**United States District Court**
For the Northern District of California

The court agrees with OCZ and declines to exercise its discretion to consolidate all future related actions with the instant action. The court sees no benefit to be gained by issuing a consolidation order when only one case is before the court. Additionally, as OCZ argues, such an order could result in undue delay and disruption—for example, if this action and a later-filed related action were in very different stages of litigation,[2] or if the parties in a later-filed related action did not consent to proceed for all purposes in front of the undersigned magistrate judge. Wang has cited a single unpublished case, *Ramirez v. GreenPoint Mortgage Funding, Inc.*, in which a court consolidated future related cases when only a single class action had been filed.[3] In *Ramirez*, however, it appears from the docket that the non-moving party did not oppose the motion to consolidate future cases and the consolidation order does not explain the court's reasoning in granting the motion. Accordingly,

IT IS HEREBY ORDERED that the motion to consolidate related cases is DENIED.

### III. MOTION TO APPOINT COUNSEL

Wang also moves for an order designating Wang's counsel as interim class counsel to act on behalf of the putative class pursuant to Fed. R. Civ. P. 23(g). OCZ argues this motion also is premature because no competing claims have been filed and no competing lawyers are seeking to be appointed as class counsel. Wang argues that Rule 23 does not require competing counsel, but is instead concerned with protecting the interests of the class prior to certification. Wang further argues that appointing interim class counsel now will ensure the efficient progress of the case.

Rule 23(g) provides that "[t]he court may designate interim counsel to act on behalf of a

---

[2] *See, e.g.*, *Mills v. Beech Aircraft Corp., Inc.*, 886 F. 2d 758, 762 (5th Cir. 1989) ("Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial."); *Tumbling v. Merced Irr. Dist.*, No. CV F 08-1801 LJO DLB, 2010 WL 1340546, at *5 (E.D. Cal Apr. 1, 2010) ("Separate trial dates, differing stages of discovery . . . all support the March 30 Order to deny Plaintiffs' motion to consolidate.").

[3] Pre-trial Order No. 1, No. 08-cv-00369-TEH (Docket No. 53) (N.D. Cal. May 19, 2008).

Case No.: 11-01415 PSG
ORDER

putative class before determining whether to certify the action as a class action."[4]  This rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class."[5]

"Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members."[6] "Where the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary."[7] This follows from the commentary to Rule 23, which recognizes that "[o]rdinarily, such work [as interim counsel is appointed to perform] is handled by the lawyer who filed the action."[8] Thus, "appointment of lead counsel is premature before other counsel file cases on behalf of other clients."[9]

This court has a single action and a single legal team seeking to be appointed interim lead counsel.  Although other related cases might be consolidated with this case in the future, at this time, the responsibility for protecting the interests of the class in this court is clear.  Furthermore, if another case is consolidated with this action, the court may be presented at that time with a motion by plaintiffs' counsel in those actions to replace Wang's counsel as interim lead counsel.

---

[4] Fed. R. Civ. P. 23(g)(3).

[5] Fed. R. Civ. P. 23(g)(2)(A) advisory committee notes on 2003 amends.

[6] *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)).

[7] *Id.* (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)) (internal punctuation omitted).

[8] Fed. R. Civ. P. 23(g)(2)(A) advisory committee notes on 2003 amends.

[9] *Italian Colors Restaurant v. American Express Co.*, No. C 03-3719 SI, 2003 WL 22682482, at *7 (N.D. Cal. Nov. 10, 2003) (denying motion to appoint interim counsel and noting that "[n]o competition exists among counsel that requires refereeing by the Court, and no class has yet been certified, or even proposed").

Case No.: 11-01415 PSG
ORDER

Appointing lead interim counsel at this time therefore is unnecessary and would undermine principles of judicial efficiency.[10]  Accordingly,

IT IS HEREBY ORDERED that the motion to appoint Wang's counsel as interim class counsel is DENIED.

Dated: June 29, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[10] *See Nutz for Candy v. Ganz, Inc.*, No. C 08-2873 JSW, 2008 WL 4332532, *2 (N.D. Cal. Sep. 19, 2008).

5

Case No.: 11-01415 PSG
ORDER