MAYER BROWN LLP
NEIL M. SOLTMAN (SBN 67617)
*nsoltman@mayerbrown.com*
MATTHEW H. MARMOLEJO (SBN 242964)
*mmarmolejo@mayerbrown.com*
RUTH ZADIKANY (SBN 260288)
*rzadikany@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

Attorneys for Defendant
OCZ TECHNOLOGY GROUP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JAMES WANG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCZ TECHNOLOGY GROUP, INC.,<br><br>Defendant. | Case No. CV11-01415 PSG<br><br>**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER AS AMENDED BY THE COURT**<br><br>The Honorable Paul S. Grewal<br><br>Complaint filed: March 24, 2011 |

WHEREAS Defendant OCZ Technology Group, Inc. ("OCZ") contends that discovery in this Action may require production of trade secrets or confidential, sensitive, or proprietary materials and information, which, if disclosed, may cause competitive harm to OCZ and/or to the party producing the materials and information;

WHEREAS OCZ contends that such confidential and proprietary materials and information consist of, among other things, business or financial information, information regarding confidential and sensitive business practices, intellectual property and trade secrets, or other confidential research, development or commercial information (including information on marketing, strategy, design and engineering schematics, and information implicating privacy rights of third parties);

WHEREAS Plaintiff disagrees with OCZ's contention and believes that any blanket designation of discovery material as "Confidential" should be presumed to be invalid; and

WHEREAS OCZ disagrees with Plaintiff's abovementioned recital.

IT IS HEREBY STIPULATED by and among counsel for Plaintiff James Wang and counsel for Defendant OCZ Technology Group, Inc. (individually a "Party", and collectively "Parties"), as follows:

1. Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial, appeal and/or settlement of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Confidential Information," as used herein, means information of any type, kind or character which is designated "Confidential" by any of the parties to the action or other person(s) producing the information (including nonparties) ("Designating Person"), whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise in discovery. In designating information as "Confidential," the Designating Person will make such designation only as to that information that it in good faith and reasonably believes is Confidential within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure and as further defined below. Information or

material which is available to the public, including press releases, public documents filed with the Securities and Exchange Commission, and the like shall not be classified as "Confidential." Confidential Information includes, but is not limited to, sensitive proprietary information, such as trade secrets or other confidential or proprietary research, development or commercial information; non-public financial and business information; commercially sensitive information; or personal information of the Designating Person. The parties will make a good faith effort to use the "Confidential" designation only when it reasonably believes such a designation is needed.

3. Confidential Information shall be so designated by stamping copies of the document containing the Confidential Information with the legend "CONFIDENTIAL" on each page of the document.

4. Confidential Information produced by third parties that is not designated as Confidential by the producing third party shall automatically be treated as Confidential for the first 30 days after production of the documents or information. Should either Party believe that such documents or information are Confidential Information, the Party shall inform the other Party within 30 days of production to the Parties, and shall reproduce the improperly designated Confidential Information to the other Party with the appropriate designation. Upon receiving the reproduced Confidential Information, the Parties shall destroy the documents or information originally produced by the third parties or shall return them to the third party. If no such designation is made by either Party within the 30 day period, the documents and information shall no longer automatically be Confidential.

5. Testimony taken at a deposition may be designated as Confidential by making a statement to that effect on the record at the deposition or by providing notice of such designation within 30 days of the completion of the deposition. The Designating Person shall make any necessary arrangements with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions with the legend "CONFIDENTIAL."

6. Information designated as "CONFIDENTIAL" may be disclosed or made available only to the Court (or any appellate court), its personnel (subject to provisions of filing under seal or lodging set forth below), and any persons employed and/or controlled by the Court whose duties require access to the Confidential Information, including jurors, alternate jurors; outside counsel for any Party (including their associates, paralegals and clerical personnel), the Parties, including employees and agents of the Parties, in-house counsel of the parties, and to the following "Qualified Persons":

a. Persons retained or consulted by the Parties or their attorneys for purposes of this litigation (including, but not limited to, experts), if such persons reasonably require the information to enable them to assist counsel in the prosecution or defense of this litigation;

b. Any court reporters who take testimony, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation;

c. Any witness at any deposition or other proceeding is this action;

d. Counsel representing any insurer or indemnitors of Defendant;

e. Any person who authored any portion, or has previously received or is reasonably believed to have been provided access to, the material in the ordinary course of his or her business;

f. The person(s) (including third parties) who produced the particular Confidential Information in question, and any officer, employee or agent of such producer; and

g. Any other person as to whom the parties in writing agree.

7. Any person desiring to reveal Confidential Information to any of the persons referred to in paragraphs 6(a) and 6(c), shall first secure from each person a signed certificate in the form attached hereto as Exhibit "A," before disclosing any information subject to the restrictions of this Protective Order. In the event that a non-party witness at a properly noticed deposition refuses to sign the certificate described in Exhibit A, Counsel for a Party may show Confidential Information to such witness *at the deposition*, subject to informing the deponent of the terms of this Protective Order and providing the deponent with a copy of this Protective Order. The deponent shall not be given possession of the Confidential Information outside the

deposition, including with respect to the transcript of the deposition in which the Confidential Information shall be separately bound, and shall not be permitted to retain any copies of any Confidential Information shown to him or her at the deposition. No Party or Counsel for any Party may instruct any witness not to sign the certificate described in Exhibit A. Counsel for the party who provided the Confidential Information to the persons listed in Paragraph 6(a) and 6(c) shall retain all original signed certificates obtained from any person pursuant to this Paragraph. Executed Exhibits A shall not be discoverable except as required to enforce this Protective Order or as otherwise allowed under the Federal Rules of Civil Procedure and case law interpreting those rules. Within 30 days of final resolution of this Action, upon request by a Party, the other Party shall turn over copies of the executed Exhibits A.

8. This Protective Order shall be binding upon the Parties (including all employees and agents of the Parties), outside counsel for any Party (including their associates, paralegals and clerical personnel), in-house counsel of the parties, and all "Qualified Persons" who, pursuant to the preceding paragraph, have executed an agreement to be bound by the terms of this Protective Order.

9. All Confidential Information that is designated "CONFIDENTIAL" and that is filed with the Court, marked as an exhibit at a deposition, disclosed to a deponent at a deposition, or otherwise provided to any other Party or counsel in the Action for any purpose shall be filed under seal pursuant to Northern District of California Local Rule 79-5 and General Order No. 62, or shall be lodged but not filed, until further order of this Court. This Section shall not apply to the Parties' submission of exhibits for trial, nor the handling of exhibits during trial.

10. Nothing in this Protective Order shall prevent any Party from disclosing its own Confidential Information as it deems appropriate. However, the restrictions set forth in this Order shall not apply to information that is public before the date of its transmission to the receiving Party, or which becomes known to the public after the date of its transmission to the receiving Party, provided that such information does not become publicly known by any act or omission of the receiving Party, its employees, or its agents which would be in violation of this Protective Order.

Before petitioning the court, the parties shall attempt to resolve the challenge in good faith by conferring directly (in voice to voice dialogue) within 10 days of the date of service of written notice. The party challenging the designation may proceed to seek court intervention only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner. See Model Order 6.2.

11. Should either Party believe that the other Party has inappropriately designated or is inappropriately designating documents or information "CONFIDENTIAL", or otherwise wishes to be relieved of obligations under this Order, it may petition the Court to be relieved of its obligations upon ten (10) days' written notice to the other Party. Until the Court rules on the motion, Confidential Information shall continue to be treated and designated as Confidential. It shall be the burden of the party who makes the designation to demonstrate that the material or information at issue was properly designated.

12. Nothing herein shall restrict or preclude any party from responding to a subpoena or information request issued by a court of law or on behalf of a governmental agency. However, upon receipt of a subpoena or other request for Confidential Information, the Party shall forward a copy of the subpoena or request to the Designating Person within three (3) business days of service and afford the Designating Person a reasonable time after the receipt of such notice to contest the production of Confidential Information sought by the subpoena or other request. If the Designating Person fails to seek an appropriate order within five (5) business days and thereafter obtain such an order, the Party responding to the subpoena or other request will not be deemed in breach of this Protective Order by producing Confidential Information sought by the subpoena or other request.

13. Within 60 days of the final resolution of this Action, including appeals, all Parties and persons to whom any Confidential Information has been disclosed or provided shall either return them to the Producing Party or destroy all such Confidential Information, in which event the Party or person in possession of the Confidential Information shall give written certification of such destruction to Counsel for the Producing Person; provided, however, that this obligation shall not extend to any Confidential Information included in conformed copies of materials filed with the Court. Notwithstanding the preceding paragraph, the attorney of record for any Party may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, papers filed with the court, discovery, discovery responses, documents produced in formal or informal discovery, and attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential

Information remain subject to this Protective Order and shall continue to be treated as Confidential while it is held as an archival copy by the attorney of record for any Party.

14. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this Action. The entry of this Protective Order shall not be construed as a waiver of any other right to object to the furnishing of information or documents in response to discovery or to obtain information or documents in discovery, and, except as expressly provided, shall not relieve any Party of the obligation to produce information or documents in the course of discovery.

15. This Protective Order shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modify this Protective Order, subject to the approval of the Court.

16. This Protective Order shall not control the use of any evidence during the trial of this Action. However, nothing herein shall preclude any Party from seeking the assistance of the Court in maintaining the Confidential nature of any evidence which is presented at trial.

17. If a Producing Person through inadvertence or otherwise produces or provides discovery of any Confidential Information without designating it as such in accordance with this Protective Order, the Producing Person may give written notice to the Party or Parties that have received the Confidential Information that the document(s), information, response, testimony or other discovery are Confidential and should be treated as Confidential in accordance with the provisions of this Protective Order. The Party or Parties that have received the materials must treat the materials as Confidential from the date such notice is received. The inadvertent disclosure of any Confidential Information shall not be deemed a waiver of confidentiality as to any other document in which such Confidential Information may be contained.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. See Model Order 5.3.

/ / /

/ / /

/ / /

18. This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any Party client his evaluation of Confidential Information produced or exchanged herein.

IT IS SO STIPULATED.

Dated: December 6, 2011

MAYER BROWN LLP
NEIL M. SOLTMAN
MATTHEW H. MARMOLEJO
RUTH ZADIKANY

By: s/ Ruth Zadikany
Ruth Zadikany
Attorneys for Defendant
OCZ TECHNOLOGY GROUP, INC.

Pursuant to General Order No. 45, I Ruth Zadikany, attest that I obtained concurrence in the filing of this document from the signatories.

Dated: December 6, 2011

THE ROSEN LAW FIRM, P.A.
LAURENCE M. ROSEN
PHILLIP KIM

THE HINTON LAW FIRM
CHRISTOPHER HINTON

By: s/ Phillip Kim
Phillip Kim
Attorneys for Plaintiff
JAMES WANG

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: December _14_, 2011

Paul S. Grewal
Honorable Paul S. Grewal
United States Magistrate Judge

**EXHIBIT A**

NON-DISCLOSURE AGREEMENT

I, ________________________, do solemnly affirm that I am fully familiar with the terms of the stipulated protective order in *James Wang v.OCZ Technology Group, Inc.*, pending before the United States District Court for the Northern District of California, Civil Action No. CV 11-01415 PSG, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: ________________

________________________________________
Signature

________________________________________
PRINT NAME