MAYER BROWN LLP
NEIL M. SOLTMAN (SBN 67617)
 *nsoltman@mayerbrown.com*
MATTHEW H. MARMOLEJO (SBN 242964)
 *mmarmolejo@mayerbrown.com*
RUTH ZADIKANY (SBN 260288)
 *rzadikany@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

Attorneys for Defendant
OCZ TECHNOLOGY GROUP, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JAMES WANG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCZ TECHNOLOGY GROUP, INC.,<br><br>Defendant. | Case No. CV11-01415 PSG<br><br>**OCZ TECHNOLOGY GROUP, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: February 7, 2012<br>Time: 10:00 a.m.<br>Courtroom: 5<br><br>The Honorable Paul S. Grewal<br><br>Complaint Filed: March 24, 2011<br><br>[Notion of Motion and Motion to Dismiss and Proposed Order Filed Concurrently Herewith] |

# NOTICE OF MOTION AND MOTION TO STRIKE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 7, 2012 at 10:00 a.m. in Courtroom 5 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 951113, before the Honorable Judge Paul S. Grewal, Defendant OCZ Technology Group, Inc. ("OCZ") will and hereby does move to strike paragraphs 38 (c)-(i), 39 (a)-(b) and Exhibits 3-5 of plaintiff James Wang's ("Wang") First Amended Class Action Complaint ("FAC").

This Motion is based on Federal Rule of Civil Procedure 12(f); this Notice of Motion; the attached Memorandum of Points and Authorities filed concurrently herewith; the Notice of Motion and Motion to Dismiss filed concurrently herewith; the First Amended Complaint; and the pleadings, papers and other documents on file in this action; along with any evidence and argument presented to the Court at the hearing in this matter.

Dated: December 20, 2011

MAYER BROWN LLP
NEIL M. SOLTMAN
MATTHEW H. MARMOLEJO
RUTH ZADIKANY

By: /s Ruth Zadikany
Ruth Zadikany
Attorneys for Defendant
OCZ TECHNOLOGY GROUP, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Wang's First Amended Complaint (FAC) fails to state any claim against OCZ, as discussed in OCZ's concurrently filed Motion to Dismiss. The FAC also contains allegations that are immaterial and impertinent and should be stricken. As shown below, Wang's reliance upon the advertising materials and statements of third parties in his FAC to seek to impose liability on OCZ is improper. Accordingly, OCZ respectfully request that this Court strike these allegations, set forth in paragraphs 38(b)-(g), 39(a)-(b) and Exhibits 3-5.

### STATEMENT OF ISSUES (CIVIL L.R. 7-4(A)(3))

Whether plaintiff's allegations regarding his review and reliance on advertising and information set forth on third parties' webpages should be stricken as immaterial and impertinent under Federal Rule of Civil Procedure 12(f).

### SUMMARY OF ALLEGATIONS

This action is based on allegations that OCZ falsely advertised its Agility 2 and Vertex 2 lines of solid state drives (SSDs), referred to as the "Products" in paragraph 1 of the FAC. Plaintiff James Wang alleges that he purchased a 120 gigabyte Agility 2 SSD based upon his review and reliance upon various advertising materials, including, *inter alia*: (a) the title, SKU, and pictures of packaging of the 120 GB Agility 2 on Newegg.com's webpage; (b) an "Overview" and "Details" page of the Agility 2 on Newegg.com; and (c) reviews of the Agility 2 and Vertex 2 SSDs by third party technology enthusiast website Anandtech, which Plaintiff does not allege was linked to or referred to on OCZ's own webpage. FAC ¶¶ 38-39, Exhibits 3-5.

Wang claims not to have received the full value of his purchase price for the 120GB Agility 2 drive based on the advertising that he viewed. FAC ¶ 11. The FAC purports to allege six claims on behalf of Wang and a putative nationwide class of all purchasers of all sizes of Agility 2 and Vertex 2 SSDs as of January 1, 2011. Wang's statutory claims for violations of the False Advertising Law (FAC ¶¶ 85-91), Unfair Competition Law (FAC ¶¶ 92-99), Song-Beverly Act and California Communications Code (FAC ¶¶ 103-107) and California Legal Remedies Act (FAC ¶¶ 114-122), overlap with his other claims of negligent misrepresentation (FAC ¶¶ 97-102)

and unjust enrichment (FAC ¶¶ 108-113), all of which are based upon the premise that Wang, in part, relied upon the advertising and other material on Newegg.com and Anandtech's websites. *See* FAC ¶¶ 38-39.

## ARGUMENT

### I. LEGAL STANDARD.

Federal Rule of Civil Procedure 12(f) provides that a court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *overruled on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues."); *Lyons v. Bank of Am.*, No. C 11-1232 CW, 2011 U.S. Dist. LEXIS 145176, *18 (N.D. Cal. Dec. 16, 2011) (same). Under Rule 12(f), "[i]mmaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded," while "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc.*, 984 F.2d at 1527; *Lyons*, 2011 U.S. Dist. LEXIS 145176 at *18.

### II. THE COURT SHOULD STRIKE ALLEGATIONS CONCERNING ADVERTISING AND/OR REPRESENTATIONS MADE BY THIRD PARTIES.

The FAC alleges that in purchasing his 120GB Agility 2 SSD Wang relied upon advertising materials and information contained on the websites of third parties Newegg.com and Anandtech. *See* FAC ¶¶ 38(c)-(i), 39, Exs. 3-5. Specifically, Wang alleges that he relied upon the following information from Newegg.com's webpage: the title and SKU of the Agility 2 SSD; numerous pictures of the 120GB Agility 2 SSD (which are attached as Exhibit 3 to the FAC); and Newegg's "Overview" and "Details" page for the Agility 2 SSD. FAC ¶¶ 38(c)-(g), 39(a)-(b), Ex. 3. Wang also alleges that he relied upon a product review of the Agility 2 and Vertex 2 SSDs on Anandtech's website, which is attached as Exhibits 4 and 5 to the FAC. FAC ¶¶ 38(h)-

(i), 39(a), Exs. 4-5. These allegations and accompanying exhibits should be stricken as both immaterial and impertinent.

First, the gravamen of the FAC is that due to allegedly undisclosed alterations to its SSDs, FAC ¶ 6, "the statements *made by OCZ* in advertising and marketing the Products were materially false and misleading, and give rise to the claims asserted herein." FAC ¶ 7 (emphasis added). But the information on third party websites are of necessity, and by their very nature, *not statements made by OCZ.* Indeed, there appears to have been no confusion in Wang's mind as to the source of these materials; he specifically alleges that they were "located on Newegg.com's webpage for the product," *see* FAC ¶¶ 38 (c)-(g), 39(a)(-(b), and on "third party technology enthusiast website Anandtech," and attaches as Exhibits to the FAC some documents that he claims to have reviewed. *See* FAC ¶¶ 38 (h)-(i), 39(a), Exs. 3-5. Wang importantly does not allege that OCZ exercised any control over the content of Newegg and Anandtech's websites. Wang's allegations concerning advertising by third parties thus has nothing to do, and cannot have anything to do, with any alleged representations by OCZ.

Second, the FAC's causes of action all require that the allegedly unlawful, false or misleading statements or practices at issue be conducted by the person or entity against whom the action is brought. *See, e.g.,* Bus. & Prof. Code § 17200 *et seq.* ( "[A]ny person who engages, has engaged, or proposes to engage in unfair competition shall be liable . . ."); Bus. & Prof. Code § 17500 ("It is unlawful for any person, firm corporation or association, or any employee thereof . . . ."). To the extent that Wang's claims rely upon the advertising and information that he viewed on Newegg.com and Anandtech's websites, those allegations are immaterial and irrelevant to this action because they cannot impose liability on OCZ. *See In re Jamster Mktg. Litig.*, No. 05cv0819 JM (CAB), 2009 U.S. Dist. LEXIS 43592, *27 (S.D. Cal. May 22, 2009) (dismissing FAL, UCL, and CLRA claims because "[a]bsent allegations of participation or control in the alleged unlawful advertising scheme . . . Defendants cannot be held vicariously liable for the acts of third parties . . . . Plaintiffs fail to identify any authority permitting a CLRA claim to be maintained under a secondary liability theory."); *Suzuki v. Hitachi Global Storage Techs., Inc.*, No. C 06-07289 M, 2007 U.S. Dist. LEXIS 51605, *17 (N.D. Cal. July 17, 2007)

("At best, plaintiff could argue that he relied on Microsoft's definition of a gigabyte when purchasing defendant's HDD . . . . However, *plaintiff has cited no authority which would allow the representations of a third party to be imputed to an unrelated defendant, and the court can find none.*" (emphasis added)); *Trintec Indus. v. Pedre Promotional Prods*, 395 F.3d 1275, 1281 (Fed. Cir. 2005) ("Trintec refers to the availability of Pedre products on non-Pedre websites, but those sites would support jurisdiction only if Pedre had some responsibility for the third party's advertising of Pedre products on non-Pedre sites."). Accordingly, Wang's allegations regarding the advertisements and information disclosed by third parties should be stricken under Rule 12(f). *See Henry v. Bank of Am. Corp.*, No. C 09-0628 RS, 2010 U.S. Dist. LEXIS 94028, *8 (N.D. Cal. Aug. 23, 2010) (striking factual allegations in the complaint on the grounds that they were "immaterial to th[e] case" because they related to claims for which the defendant could not be held liable).

## CONCLUSION

OCZ respectfully requests that this Court strike Wang's allegations regarding the advertising and/or other content on third party websites contained in paragraphs 38(c)-(h), 39,(a)-(b), and Exhibits 3-5 of the FAC because such information is immaterial and impertinent.

Dated: December 20, 2011

MAYER BROWN LLP
NEIL M. SOLTMAN
MATTHEW H. MARMOLEJO
RUTH ZADIKANY


By: /s Ruth Zadikany
    Ruth Zadikany
Attorneys for Defendant
OCZ TECHNOLOGY GROUP, INC.