Laurence M. Rosen, Esq. (CSB# 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel: (213) 785-2610
Fax: (213) 226-4684
Email: lrosen@rosenlegal.com

Additional Counsel on Signature Page

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JAMES WANG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>OCZ TECHNOLOGY GROUP, INC.,<br><br>Defendant. | Case No.: CV11-01415 PSG<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO STRIKE CERTAIN ALLEGATIONS**<br><br>Date: February 28, 2012<br>Time: 10:00 a.m.<br>Courtroom 5<br><br>The Honorable Paul S. Grewal<br><br>Complaint filed: March 24, 2011 |

## INTRODUCTION AND SUMMARY OF ALLEGATIONS

On March 24, 2011, Plaintiff commenced the action on behalf of himself and a class of purchasers of certain solid state drives ("SSDs" or the "Products")) designed, marketed and sold by Defendant OCZ. Defendant sought to strike certain allegations as well as dismiss the complaint for lack of meeting Article III standing and the pleading requirements of Rule 9. Plaintiff amended his complaint on November 18, 2011. Dkt. No. 47. SSDs are digital storage devices for use with computers and other electronics that store data. ¶14.[1] Plaintiff asserts claims under numerous California consumer protection laws as well as common law causes of action. ¶2. The Products were represented by OCZ to have a specific user accessible storage capacity and provided specific performance characteristics. ¶11. Plaintiff was induced, and relied upon, these representations in purchasing one of the Products. ¶¶11, 102. Plaintiff purchased a Product in reliance upon these representations, which were false. ¶11. The representations were false as defendant materially altered the components and manufacturing process of the advertised products, ¶¶4-5, the Products purchased by Plaintiff provided Plaintiff materially inferior performance, ¶62, and lesser storage capacity, ¶¶54-55, than what was advertised ¶¶5, 43-64. OCZ failed to disclose this and continued using stale and inaccurate labels and marketing materials. ¶¶55-57; 65-68. Consequently, Plaintiff received an inferior product that was not as advertised, and has been injured thereby. ¶78, 106.

## STATEMENT OF ISSUES (CIVIL L.R. 7-4(A)(3)

Whether plaintiff's allegations regarding his review and reliance on advertising information set forth on third parties' webpages should be stricken as immaterial and impertinent under Federal Rules of Civil Procedure 12(f).

## ARGUMENT

Defendant (yet again) moves the Court to strike certain allegations from Plaintiff's First Amended Complaint referencing Plaintiff's reliance on purported third-party materials pursuant

[1] "¶" marks refer to numbered allegations contained in Plaintiff's First Amended Complaint.

to Federal Rule of Civil Procedure 12(f). Notwithstanding the law of the case, Defendant has not provided any new facts or evidence to warrant the Court's reconsideration of its prior order.

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In considering a motion to strike, the allegations and issues are to be viewed in the light most favorable to the party opposing the motion. *In re Wal-Mart Stores, Inc.*, 505 F.Supp.2d 609 (N.D. Cal. 2007) ; *Collins v. Gamestop Corp.* Collins v. GameStop *Corp*., C10-1210 THE, 2010 WL 3077671 (N.D. Cal. Aug. 6, 2010). Motions to strike are disfavored and should not be granted "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D.Cal.1991). "This standard is nearly insurmountable as the Defendant must demonstrate that the resolution of the question raised on the motion to strike is clear and not in dispute, *and* that under no set of circumstances could the claim succeed*. Baba v. Hewlett-Packard Co.*, No. C -905946 RS, 2010 WL 2486353, at *3 (N.D. Cal. June 16, 2010).

**A. <u>Allegations Concerning Third Party Reviews and Testimonials Should Not Be Stricken</u>**

Plaintiff alleges that OCZ maintained webpages dedicated to the marketing and advertising of the Products. ¶ 64. The webpages quoted numerous third party reviews and testimonials, and listed awards, that were based on the original iteration of the Productions. Id. The webpages also linked to these reviews and testimonials. Id. The webpages also directly linked to etailers webpages, including Newegg.com's, that included information about the subject drives that was created and controlled by OCZ. ¶12, 38(g). The webpages were false and misleading as they failed to disclose the material alterations to the Products and continued to utilize the stale, and false, information based on the initial iteration of the Productions. ¶¶ 66, 89. Plaintiff viewed the OCZ website, Anandtech reviews that OCZ excerpted from and linked to, and Newegg.com webpages in arriving at his decisions to purchase his Agility 2. ¶¶ 11, 38, 49, & 73.

Defendant requests that the Court strike Plaintiff's allegations concerning "advertising and information set forth on third parties' webpages." Mem. at p.1. Defendant asserts that the allegations concerning the third party webpages should be stricken because they are immaterial to Plaintiff's claim and do not give rise to liability of OCZ. Defendant's argument is without merit because the information and advertising gives rise to OCZ's liability. The information is independently relevant to the overall allegations concerning OCZ's advertising scheme and statements concerning the subject products.

Defendant's request as to the Anandtech articles must be denied pursuant to the law of the case. Defendant previously sought to strike allegations concerning third party reviews and testimonials as they "are not statements made by OCZ and therefore do not give rise to any of Wang's claims of misrepresentations by OCZ." October 14, 2011 Opinion ("Op.") at p. 19. The Court denied Defendant's motion to strike finding that "whether the third-party content allegedly displayed on OCZ's website was reproduced by OCZ in a manner potentially subjecting it to liability raise factual questions unfit for disposition pursuant to a motion to strike." The Anandtech articles relied upon Plaintiff belong to the very group of material subject of the first motion to dismiss. Order at p. 19 (third party reviews and testimonials linked to be OCZ on its website pages). And, as is readily apparent in the FAC, the Anandtech articles[2] were linked to by OCZ on its website for the Agility 2and Vertex 2 as clearly established by the FAC. FAC at Exh. 1, p. 12; Exh. 2, p. 8, respectively (OCZ webpages with article cites and links to the Anandtech articles). The Court has previously rendered its opinion denying a motion to strike these materials and Defendant fails to raise subsequent changes that should warrant re-examination of the Court's Order.

The allegations concerning the pictures and description of the Vertex 2 and Agility 2 on Newegg.com's retail webpages, along with the Anandtech articles, are also not immaterial because the false statements and labeling contained therein are actionable as to OCZ. A party

[2] The Anandtech articles cited by Plaintiff include the Anandtech review of the Agility 2 SSD dated April 21, 2010, ¶38(h), Exh. 4, and the Anandtech review of the Vertex 2 dated April 28, 2010, ¶38(i), Exh. 5.

can be held liable pursuant to the UCL and FAL if that party had personal participation in the unlawful practices or control over the practices that are found to violate UCL and FAL. *People v. Toomey*, 157 Cal.App.3d 1, 14 (1984); *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal.App.4th 952, 960, 116 Cal.Rptr.2d 25 (2002). Accordingly, a party cannot be liable where it "played no part in preparing or sending any 'statement' that might be construed as untrue or misleading under the unfair business practices statutes." *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal.App.4th 952, 960, 116 Cal.Rptr.2d 25 (2002). However, "if the evidence establishes defendant's participation in the unlawful practices, either directly or by aiding and abetting the principal, liability under sections 17200 and 17500 can be imposed." *People v. Toomey*, 157 Cal.App.3d 1, 14 (1984). The case law cited by Defendant does not run contrary to this authority. Rather, it is merely inapposite since the facts in the cases cited by Defendant are simply not analogous to the instant facts.

Permitting liability to originators of the information is more important than ever in the current state of commerce that so heavily relies on online commerce. To preclude consumers from asserting claims against those who develop and distribute a product would undermine the public policy concerns that give rise to the subject consumer protection laws by permitting such a party to hide behind third parties and engage in such misconduct without any concern for liability.

Under the well settled law, OCZ can be held liable for the information contained in the Newegg.com listings and the reviews by Anandtech. Plaintiff clearly alleges, and discovery will demonstrate, that OCZ not only directly contributed to the false information contained on Newegg.com's webpage but also caused it to be displayed by Newegg.com and had control over the information. ¶12 (OCZ's advertising and representations about the Products made to consumers is conceived, reviewed, approved or controlled by OCZ). Moreover, OCZ's conduct certainly amounts to aiding and abetting of the unlawful practice. Plaintiff alleges that the model numbers and SKU's of the products were determined and controlled by OCZ. ¶¶47, 38(a). OCZ was in charge of the packaging, which was pictured on Newegg.com's website. ¶48. In fact, the "details" page on Newegg.com that Plaintiff viewed that set forth the specifications of the

product "are identical to the specifications set forth . . . on the back of the product box, as well as on the product page of OCZ." ¶38(g). Moreover, the "Overview" page on Newegg.com "is a copy of a description provided on OCZ's webpage that describes the performance and features of the product." ¶38(f). In short, Newegg.com simply repeated and redisplayed the false information created by OCZ. This information was all under the control of OCZ, as producer of the information and packaging. And, discovery will further demonstrate that OCZ was well aware of Newegg.com's methodology of advertising OCZ's product since Newegg.com was the largest retailer of OCZ's products, ¶35, and had ongoing conversations concerning these products during the relevant time period. ¶73. Moreover, OCZ adopted and furthered the distribution of the false information on the Newegg.com webpage, as well as other etailers, by directly linking to the etailers from OCZ's webpage so that consumers could obtain such information and purchase the product. FAC at Exh. 1, p. 12; Exh. 2, p. 8 (right hand side of webpages contained direct links to the product pages at various retailers).

This same analysis applies to the Anandtech reviews. The reviews and testimonials are actionable. OCZ affirmatively procured the review of the subject drives. ¶38(a)(iv) & (b)(iv). They are not merely opinions of third parties. Rather, they provide explicit specifications and concrete facts to the reader provided by OCZ. Discovery will also demonstrate that OCZ had active involvement in connection with the Anandtech reviews. *Id.* Lastly, OCZ selectively took excerpts from the Anandtech reviews and published them on its own webpages.[3] *Id.*, ¶49, 64-66. OCZ then directed consumers to the review. *Id.*

Accordingly, under the well settled law, the allegations concerning the information displayed by Newegg.com and Anandtech is actionable and is relevant to the Plaintiff's claims and clearly has a bearing on the subject matter of his claims. Defendant has failed to meet the burden necessary to strike allegations. The motion should be denied on this ground alone.

[3] In connection with plaintiff's opposition to defendant's motion to strike allegations in the initial complaint, plaintiff proved, with evidence and source code of OCZ's website, that OCZ selected the excerpts and then caused them to be directly published and reproduced on its website. *See* Pl. Request for Judicial Notice, Exh. 3. This evidence proved that OCZ had misrepresented to the Court the nature of these excerpts and their publication.

*LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 823 (N.D.Cal.1992) ("Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.").

Independent of the fact that these allegations are material because OCZ may be held liable for the false information, the motion to strike should be denied because it is an improper use of Rule 12(f) as a means to dismiss claims as to these statements and necessary requires the premature determination of OCZ's liability for third party statements. *Whittlestone,* 618 F.3d 970, 973 (9th Cir.2010); *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir.1977) ("Rule 12(f) is 'neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.'"). In addition to the above facts that clearly support liability, Defendant's request also raises substantial factual questions concerning whether the manner in which OCZ links to third party reviews serves as an adoption of those statements, ¶56, and questions concerning OCZ's administration of the website, its financial or business relationship to websites that it linked to, including whether there were for-profit linking agreements, the extent to which OCZ wrote, or contributed to, the reviews that were linked to, whether the third parties received any benefit from OCZ in exchange for the quality and tone of the reviews, the steps and efforts OCZ took in connection with the writing and pre-publication review of the testimonials and reviews, and the process and manner in which OCZ selected the content linked on its website, as well as the order in which it presented the third party reviews and testimonials. Moreover, questions outside the complaint are raised by OCZ's very arguments concerning its purported website terms: Was Plaintiff aware of these terms and/or did he read them and/or agree to them?  The motion should be denied as it is premature and necessarily invites evidence not yet developed. *Henry v. Chapa*, No. 1:07-CV-00336-DGC, 2009 WL 462706 (E.D. Cal. Feb. 23, 2009) (denying motion to strike since relevant evidence to determine the facts and issue "will become more clear as discovery proceeds."); *Hernandez v. Balakian*, 2007 WL 1649911, at *10 (E.D. Cal. June 1, 2007) (questions of fact rendered striking premature).

**CONCLUSION**

For the foregoing reasons, the Court should deny Defendant's motion to strike. If the Court grants any portion of Defendant's motion to strike, Plaintiffs respectfully seek leave to amend to address any insufficiencies in the pleading. Leave to amend a complaint should be freely given, unless the Court is convinced that it could not be saved by any amendment. See *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).[4]

Dated: February 7, 2012

Respectfully submitted,

**THE HINTON LAW FIRM**

By: /s Christopher S. Hinton

Christopher S. Hinton
275 Madison Ave., 34th Floor
New York, NY 10016
Telephone: (646) 723-3377
Facsimile: (212) 202-3827
Email: chinton@hintonlegal.com

-and-

The Rosen Law Firm, P.A.
Laurence M. Rosen (SBN # 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Phillip Kim, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Email: pkim@rosenlegal.com

[4] Circumstances for granting leave to amend are even stronger when, as here, the Court is assessing the sufficiency of claims and pleading pursuant to Rule 12(b) for the first time. *See, e.g.*, *HiEnergy*, WL 3071250 at *7 ("Defendant admits that the Second Amended Complaint is the first complaint that has been assessed by the Court with regard to its sufficiency under Rule 9 . . . .As such, the Court cannot be certain that Plaintiffs will be unable to amend their complaint... to cure the above defects.").

Attorneys for Plaintiff

8

OPPOSITION TO MOTION TO STRIKE CERTAIN ALLEGATIONS;
CASE NO. CV11-01415