1  MAYER BROWN LLP
   NEIL M. SOLTMAN (SBN 67617)
2  nsoltman@mayerbrown.com
   MATTHEW H. MARMOLEJO (SBN 242964)
3  mmarmolejo@mayerbrown.com
   RUTH ZADIKANY (SBN 260288)
4  rzadikany@mayerbrown.com
   350 South Grand Avenue, 25th Floor
5  Los Angeles, CA  90071-1503
   Telephone:  (213) 229-9500
6  Facsimile:   (213) 625-0248

7  Attorneys for Defendant
   OCZ TECHNOLOGY GROUP, INC.
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                   SAN JOSE DIVISION

12

13 | JAMES WANG, individually and on behalf of all others similarly situated, | Case No. CV11-01415 PSG |
14 | Plaintiff, | **OCZ TECHNOLOGY GROUP, INC'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE CERTAIN ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT** |
15 | v. | |
16 | OCZ TECHNOLOGY GROUP, INC., | Date:     March 27, 2012 |
17 | Defendant. | Time:    10:00 a.m.<br>Courtroom:  5 |
18 | | Honorable Paul S. Grewal |
19 | | Complaint filed:  March 24, 2011 |
20 | | [Reply in Support of Motion to Dismiss and Objection to Plaintiff's Request for Judicial Notice Filed Concurrently herewith] |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

The Opposition of Plaintiff James Wang ("Plaintiff" or "Wang") to OCZ Technology Group, Inc.'s ("OCZ") Motion to Strike Certain Allegations from Plaintiff's First Amended Complaint ("Opposition" or "Opp.") provides no justification for Plaintiff including allegations in the First Amended Complaint ("FAC") that are plainly immaterial. Plaintiff did not allege in the FAC that OCZ controlled the content on the webpages of third parties Anandtech and Newegg, he did not allege that he read the Anandtech and Newegg webpages from purported links on OCZ's webpage, nor did he allege the convoluted aiding and abetting theory that he now advances as a potential theory of liability. Plaintiff cannot now make these third party materials relevant by inventing allegations or potential theories of liability he never before plead or by making vague and unspecific references to "the law of the case."[1] Plaintiff cannot obtain relief against OCZ for the advertising materials and statements of third parties, and his allegations on that subject should not remain in the case. Accordingly, OCZ respectfully requests that this Court strike the immaterial allegations in paragraphs 38(c)-(i), 39(a)-(b) and Exhibits 3-5 of Plaintiff's FAC.

**STATEMENT OF ISSUES (CIVIL L.R. 7-4(a)(3))**

Whether Plaintiff's allegations regarding his review and reliance on advertising and information set forth on third parties' webpages should be stricken as immaterial and impertinent under Federal Rule of Civil Procedure 12(f).

**ARGUMENT**

**I.    THE STATEMENTS ON THIRD PARTY WEBSITES ARE IMMATERIAL TO THIS ACTION.**

To impose liability on a party under Plaintiff's alleged claims, the allegedly unlawful, false, or misleading statements or practices plead must be made by the person or entity against whom the action

---

[1] Plaintiff's claim that the issues raised in OCZ's Motion to Strike Certain Allegations from Plaintiff's FAC are the same as those raised in its previous motion to strike allegations from Plaintiff's Complaint is both wrong and puzzling. OCZ's previous motion to strike was based upon the Communications Decency Act, 47 U.S.C. § 230, with reference to links to third party reviews on unidentified OCZ webpages. OCZ's Motion to Dismiss Plaintiff's Complaint (Dkt # 16) at p. 19-21. The allegations and exhibits at issue in the current motion were not located on OCZ's website; rather, they are distinct webpages belonging to third parties that are not alleged to have been viewed through OCZ's website.

is brought. *See, e.g.*, Bus. & Prof. Code § 17200 *et seq.* ("[A]ny person who engages or has engaged, or proposes to engage in unfair competition shall be liable . . . "); Bus. & Prof. Code § 17500 ("It is unlawful for any person, firm, corporation or association, or any employee thereof . . . to make or disseminate . . . any statement . . . which is untrue or misleading . . . "). But the information on Anandtech and Newegg's websites are not statements by OCZ. Plaintiff explicitly concedes this when he acknowledges that the third party material upon which he relied in purchasing his SSD were "contained on Newegg.com's webpage" and "third party technology enthusiast website Anandtech." FAC ¶¶ 38(c)-(i). What Plaintiff does not allege in his FAC, despite his unsubstantiated contrary assertions, is that OCZ's webpages are directly linked to e-tailer Newegg.com's webpage, that he reached and viewed Newegg.com's webpage by way of a link on OCZ's website,[2] or that he arrived at the Anandtech reviews that he appends to his FAC from a link on OCZ's webpage. That OCZ generally links to e-tailers' websites under the heading "buy it now," does not amount to a representation regarding the statements on the third party's website; it amounts only to a representation that the listed e-tailers purchased the Product from OCZ for resale. FAC, Exs. 1-2.

Plaintiff attempts to circumvent the shortcomings in his FAC by claiming—for the first time in his Opposition—that OCZ created and controlled the information on Newegg and Anandtech's webpages. Opp. at 2:20-22, 4:19-22. The statements in the FAC cited by Plaintiff say no such thing.[3] There is no allegation that OCZ controlled, created, or instructed its e-tailers or reviewers as to the content of their webpages, or that OCZ had any participation or control over these third parties. For example, there is no claim in the FAC that OCZ requires, requests, or has the right to demand that Newegg utilize OCZ's advertising information on its webpages, nor that OCZ is aware of Newegg's policies in connection with advertising the products that it sells on its website. The same holds true as

---

[2] A quick look at Exhibits 1 and 2 of Plaintiff's FAC show that there is no link to Newegg.com's webpage on OCZ's webpage.

[3] The sections cited by Plaintiff's Opposition state: FAC ¶¶ 12 ("*OCZ's* advertising and representations about the Products made to consumers is conceived reviewed, approved or otherwise controlled from its headquarters in California") (emphasis added); 38(g) ("A 'Details' page on Newegg.com that sets forth the specifications of the product that are identical to the specifications set forth, in part, on the back of the product box, as well as on the product page of OCZ. This includes the "Capacity" of 120GB and the following performance figures: Max Read: up to 285 MB/x; Max Write: up to 275 MB/s; 4k Random Write (Aligned): 10,000 IPOS; Seek Time: 0.1 MS). There is no mention of OCZ controlling the content or statements of third parties.

to the information on Anandtech's webpage; it is clear that the reviewer used his own benchmarks and testing in analyzing the drives, and there is no suggestion either in the review or in the FAC that OCZ had any hand in dictating the testing conducted by the reviewer or his analysis of the Products.

In any event, "Defendants cannot be held vicariously [or secondarily] liable for the acts of third parties" under the UCL, FAL or CLRA. *In re Jamster Mktg. Litig.*, No. 05cv0819 JM (CAB), 2009 U.S. Dist. LEXIS 43592, at *27 (S.D. Cal. May 22, 2009). The Ninth Circuit imposes a high burden on plaintiffs, requiring "[a] defendant's liability [to] be based on his *personal* participation in the unlawful practices and *unbridled control* over the practices that are found to violate section 17200 or 17500." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 809 (9th Cir. 2007) (emphasis added). The unfounded claims in Plaintiff's Opposition do not meet this personal participation requirement, much less that of unbridled control, nor does the FAC, which cannot reasonably be construed as even attempting to make any allegations as to OCZ's control or participation in the statements made by Newegg or Anandtech.

Apparently realizing the weakness of his FAC, Plaintiff uses the alternate tactic of positing a new *potential* aiding and abetting theory of liability in his Opposition that is asserted nowhere in his FAC. Needless to say, his attempt is unavailing. Plaintiff cannot now suddenly allege that OCZ *may* be liable as an accessory for the wrongful conduct of Anandtech and Newegg. As an initial matter, Plaintiff's FAC does not allege any wrongdoing by either Anandtech or Newegg, as principals or otherwise, that could give rise to any aiding and abetting theory of liability by OCZ. *See People v. Toomey*, 157 Cal. App. 3d 1, 14 (1984) (requiring proof of "defendant's participation in the unlawful practices . . . by aiding and abetting *the principal*"). If Wang had wanted to include aiding and abetting allegations in his FAC, he should have done so. But he did not. He cannot now retroactively bootstrap new allegations by way of his Opposition to make Newegg and Anandtech's webpages material or pertinent to this action. Based on the FAC as currently plead, "it is clear that the [allegations] to be stricken [can] have no possible bearing on the subject matter of th[is] litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 823 (N.D. Cal. 1992).[4]

---

[4] The Rule 12(f) cases cited in Plaintiff's Opposition are irrelevant. In *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977), the defendant moved for summary judgment. In granting the motion for summary judgment, the court also struck the plaintiff's prayers for injunctive and equitable relief

(cont'd)

**CONCLUSION**

OCZ respectfully requests that this Court strike Wang's allegations regarding the advertising and/or content on third party websites contained in paragraphs 38(c)-(i), 39(a)-(b) and Exhibits 3-5 of the FAC under Rule 12(f) because they are immaterial and impertinent.

March 6, 2012

MAYER BROWN LLP
NEIL M. SOLTMAN
MATTHEW H. MARMOLEJO
RUTH ZADIKANY


By:  s/ Ruth Zadikany
     Ruth Zadikany
Attorneys for Defendant
OCZ TECHNOLOGY GROUP, INC.

---

from the complaint in their entirety. In dissent, Judge Hufstedler stated that it would be improper to treat the summary judgment motion as if it were a Rule 12(f) motion to strike parts of the complaint. This is distinguishable from OCZ's Motion to Strike, which simply seeks to strike allegations in the FAC that are not relevant to the causes of action plead, not entire claims or causes of action.

Similarly, the cases cited by Plaintiff for the proposition that the allegations should not be struck because discovery will prove their relevance, are misleading. Both *Henry v. Chapa*, No. 1:07-CV-00336-DGC, 2009 U.S. Dist. LEXIS 123857 (E.D. Cal. Feb. 20, 2009), and *Hernandez v. Balakian*, No. CV-F-06-1383 OWW/DLB, 2007 U.S. Dist. LEXIS 43680 (E.D. Cal. June 1, 2007), arose in the context of a plaintiff's motion to strike a defendant's affirmative defenses; they do not address a situation in which the defendant is seeking to strike allegations in a plaintiff's complaint that are alleged to be immaterial and impertinent.