MAYER BROWN LLP
NEIL M. SOLTMAN (SBN 67617)
 nsoltman@mayerbrown.com
MATTHEW H. MARMOLEJO (SBN 242964)
 mmarmolejo@mayerbrown.com
RUTH ZADIKANY (SBN 260288)
 rzadikany@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone: (213) 229-9500
Facsimile:  (213) 625-0248

Attorneys for Defendant
OCZ TECHNOLOGY GROUP, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JAMES WANG, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>OCZ TECHNOLOGY GROUP, INC.,<br><br>            Defendant. | Case No. CV11-01415 PSG<br><br>**OCZ TECHNOLOGY GROUP, INC'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date:   March 27, 2012<br>Time:   10:00 a.m.<br>Courtroom: 5<br><br>The Honorable Paul S. Grewal<br><br>Complaint filed:  March 24, 2011 |

## I. INTRODUCTION

Defendant OCZ Technology Group, Inc. ("OCZ") opposes Plaintiff James Wang's ("Plaintiff" or "Wang") Request for Judicial Notice In Support of Plaintiff's Opposition to OCZ's Motion to Dismiss ("RJN") on the grounds that the documents he seeks to judicially notice do not remotely satisfy the strict prerequisites contained in Rule 201 of the Federal Rules of Evidence: the information is not generally known, and it is not capable of accurate determination by sources whose accuracy cannot be reasonably questioned. Equally unavailing is Plaintiff's appeal to the doctrine of "incorporation by reference," which he misapplies entirely. The doctrine generally allows *defendants* to attach documents to motions to dismiss that are central to a plaintiff's complaint in order to prevent plaintiffs from deliberately omitting documents upon which their claims are based. Plaintiff's RJN is a poorly disguised attempt to supplement his insufficient First Amended Complaint ("FAC") and improperly admit documents that otherwise would be required to meet evidentiary authentication requirements for the Court's consideration.

Specifically, Plaintiff requests that the Court judicially notice or incorporate by reference Exhibits 1 through 6 to his RJN: Exhibit 1 are purported printouts of a discussion thread from OCZ's internet forum; Exhibit 2 are printouts of a response posted by OCZ on its internet forum; Exhibit 3 is the purported OCZ product sheet for the Vertex 2, for which no posting date is listed; Exhibit 4 is a purported discussion thread on Anandtech.com's internet forum; Exhibit 5 is a blog post from silentpcreview.com, a purported enthusiast website, regarding the release of 25nm solid state drives ("SSDs") by OCZ's competitors; and Exhibit 6 are purported snapshots of the warranty card included in "the Products'" packaging—although the precise "Products" referred to is unclear. RJN, 1:24-28, 2:1-2.[1] These documents and the "facts" they contain are not properly subject to judicial notice or incorporation by reference. This Court should thus deny Plaintiff's RJN and should not consider the documents in ruling on OCZ's Motion to Dismiss.

---

[1] Exhibits 2 and 3 were incorrectly tabbed under each other's number when attached to the RJN and filed with the court.

## II. PLAINTIFF'S REQUEST IMPROPERLY CONVERTS OCZ'S MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT.

Plaintiff's Request for Judicial Notice is a desperate attempt by Plaintiff to bolster his deficient FAC by admitting evidence. It is well-established that "a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim." *Appling v. Wachovia Mortg., FSB*, 745 F. Supp. 2d 961, 967 (N.D. Cal. 2010) (citing *Lee v. Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). Generally, by considering matters outside the pleadings, a court transforms a motion to dismiss into one for summary judgment under Rule 56. *Id.* Under such circumstances, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* OCZ's Motion was not filed as a motion for summary judgment; it did not present or even address the potential evidence of the case, but rather focused exclusively on the shortcomings of Plaintiff's FAC as a matter of law. Accordingly, absent a decision by the Court to transform OCZ's Motion to Dismiss into one for summary judgment, which would thereby entitle OCZ to an opportunity to present evidence in connection therewith, it is improper for this Court to consider the evidence that Plaintiff attempts to introduce by way of improper judicial notice or incorporation by reference.

The two exceptions to the general rule forbidding consideration of extrinsic evidence on a motion to dismiss are the "incorporation by reference" doctrine and the evidentiary rule of judicial notice. *Id*. But neither of these exceptions allow Plaintiff to introduce documents that were never mentioned, referenced, or relied upon in the FAC. Plaintiff's FAC explicitly alleges the documents that Plaintiff purportedly reviewed, analyzed, witnessed, read and relied upon in purchasing his 120GB Agility 2 SSD—none of these documents include Exhibits 1 through 6 that Plaintiff seeks to judicially notice. FAC ¶¶ 38-39. And OCZ questions the authenticity of Exhibits 1 through 6. The Court should thus not allow Plaintiff to "circumvent his burden of proof and duty to litigate this case" by considering Exhibits 1 through 6 to Plaintiff's RJN. *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1310 (S.D. Cal. 2003).

### III. PLAINTIFF'S DOCUMENTS MAY NOT BE JUDICIALLY NOTICED UNDER RULE 201.

Plaintiff's request to judicially notice Exhibits 1 through 6 misconstrues the nature and purpose of "judicial notice" under Federal Rule of Evidence 201. "The Rule was intended to obviate the need for formal fact-finding as to certain facts that are *undisputed and easily verified*." *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006) (emphasis added); *see Melog v. Micronesian Claims Com.*, 643 F.2d 10, 12 n.5 (D.C. Cir. 1980) (judicial notice under Rule 201 "is designed for judicial recognition of material such as scientific or historical fact that . . . [is] ascertainable with certainty without resort to cumbersome methods of proof"). Judicial notice is not appropriate unless the matter in question is "not subject to reasonable dispute," in that it is either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose *accuracy cannot reasonably be questioned*." Fed. R. Evid. 201(b) (emphasis added).

The Ninth Circuit "tends to be strict with its application of Rule 201(b)." *Von Grabe*, 312 F. Supp. 2d at 1311. The rule is characterized by "[a] high degree of indisputability [as] the essential prerequisite to taking judicial notice of adjudicative facts." Advisory Committee Notes to Fed. R. Evid. 201 (a) & (b). "Because the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005). "As Rule 201(b) teaches, judges may not defenestrate established evidentiary processes, thereby rendering inoperative the standard mechanisms of proof and scrutiny [through judicial notice], if the evidence is at all vulnerable to reasonable dispute." *Lussier v. Runyon*, 50 F.3d 1103, 1115 (1st Cir. 1995).

#### A. The Documents Are Not Generally Known Nor Are They Capable of Accurate and Ready Determination By Resort to Sources Whose Accuracy Cannot be Reasonably Questioned.

To be "generally known," information must be common knowledge. 1 Weinstein's Federal Evidence § 201.11[2], at 201-23 to 201-26 (2d ed. 2005). To be a verifiable fact, the

information must come from an indisputable source. *See id.* § 201.12[1], at 201-27. Of course, unauthenticated, miscellaneous printouts by Plaintiff's counsel of internet discussion threads and blogs, undated product sheets, and a miscellaneous warranty card are hardly common knowledge. Nor is the Court able to resort to indisputable sources to determine the accuracy of such documents. Plaintiff's request that this Court judicially notice documents that will thereafter not be subject to rebuttal evidence, based on unauthenticated, unilateral submissions by Plaintiff's counsel plainly does not meet the test for judicial notice under Rule 201(b). *See Berry v. Webloyalty.com*, No. 10-CV-1358-H (CAB), 2011 U.S. Dist. LEXIS 39581, at *34 (S.D. Cal. Apr. 11, 2011) (the Court "denied the request for judicial notice on the ground that there was sufficient dispute" regarding the "accuracy, authenticity, and completeness of the screenshots," to give "Plaintiff a chance to challenge the authenticity of the screenshots" through discovery); *Keithly v. Intelius Inc.*, 764 F. Supp. 2d 1257, 1261 (W.D. Wash. 2011), *vacated on other grounds* (the Court's inability to confirm the accuracy of the documents "suggests that judicial notice is not appropriate": "screen shots are not generally known" and "[t]here is no indication that plaintiffs downloaded each of the webpages they viewed as part of the transactions or that this information was maintained by an uninterested third-party that can attest to its provenance and accuracy").

Additionally, internet forums and OCZ's product sheets and warranty cards are not static. They are continuously tweaked, revised and otherwise modified. The documents are thus not subject to verification by the Court with an independent and indisputable source that can attest to their provenance and accuracy at a certain date. *See In re Poirier*, 346 B.R. 585, 588-89 (Bankr. D. Mass. 2006) (refusing to judicially notice the changing content on Department of Education's webpage).

**B.   Exhibits 1-6 Are Not Authenticated.**

Exhibits 1 through 6 of Plaintiff's RJN do not even meet the minimum authenticity requirements to be admitted as evidence, much less to be judicially noticed. Plaintiff seeks to use Exhibits 1 through 6 to prove various conclusory allegations that he makes in his FAC and/or to bolster the credibility of the arguments that he posits in his Opposition to OCZ's Motion to

1  Dismiss. Yet, the only link Plaintiff has provided between the exhibits attached to his RJN and
2  this action is Plaintiff's unverified and unilateral representation of the information contained in
3  these exhibits. Indeed, Plaintiff simply attaches the documents to his RJN without so much as an
4  affidavit declaring that the documents are accurate, how and when they were obtained, or that
5  they in fact reflect the webpages, warranty card, or product sheet during the relevant class period,
6  or that any of these documents were in any way related to Plaintiff's purchase of his drive. *See*
7  *Madeja v. Olympic Packers*, 310 F.3d 628, 639 (9th Cir. 2002) (upholding district court's refusal
8  to take judicial notice of unauthenticated documents).

9        The authenticity issue is even more flagrant with respect to the purported content of the
10 printouts from the discussion forums and the silentpcreview.com blog. The unauthenticated and
11 uncontextualized presentation of single pages in hard copy does not capture the entirety of a
12 website without further information for authentication and to eliminate ambiguity. For instance,
13 Plaintiff does not state when the printouts were created, if the printouts reflect what the Plaintiff
14 saw or relied upon, or whether the printouts reflect the entirety of their respective sites. Courts
15 have been loathe to determine whether versions of webpages submitted for judicial notice were
16 the same version the parties "would have viewed during their online transactions." *In re*
17 *Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010). In fact, courts
18 consistently find that printouts of webpages are not subject to judicial review without
19 authentication. *See id.* ("[i]nformation from the internet does not necessarily bear an indicia of
20 reliability and therefore must be properly authenticated by affidavit."); *In re Homestore.com, Inc.*
21 *Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("To be authenticated, some statement
22 or affidavit from someone with knowledge is required; for example, Homestore's web master or
23 someone else with personal knowledge would be sufficient."). Nonetheless, the Court is asked
24 to judicially notice and accept Plaintiff's printouts of internet webpages—information that is
25 neither generally known nor capable of accurate and ready determination by resort to sources
26 whose accuracy cannot reasonably be questioned.

27       OCZ should be given the opportunity to question the source of the documents Plaintiff is
28 seeking to judicially notice and when they were extracted so as to determine that they accurately

reflect the product sheet, warranty card and website content during the relevant time period. OCZ is also entitled to present countervailing evidence as to the implications and significance of the "facts" presented in these Exhibits. Accordingly, Exhibits 1 through 6 of Plaintiff's RJN are not properly subject to judicial notice.

### IV. PLAINTIFF'S DOCUMENTS MAY NOT BE INCORPORATED BY REFERENCE INTO THE FAC.

Plaintiff attempts to end-run around the judicial notice rule by off-handedly claiming that Exhibits 1 through 6 may be incorporated by reference into his FAC. Plaintiff has misapplied the "incorporation by reference" doctrine. Incorporation by reference is generally employed by *defendants* when challenging the allegations set forth in a plaintiff's complaint in order to ensure that plaintiffs are not given blanket authority to selectively cite from the information upon which their claims rely (risking potential decontextualization by omission of critical information); it is not properly utilized to allow plaintiffs to remedy the shortcomings of their wanting pleadings by retroactively appending documents in opposing motions to dismiss to establish facts that should have been plead in the challenged complaint. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.,* 443 F.3d 676, 681 (9th Cir.2006) (incorporation by reference applies "to documents crucial to the plaintiff's claims," for the purpose of "[p]reventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based.").

In any event, Plaintiff is utterly unable to satisfy the doctrine's requirements. Under incorporation by reference, courts may consider only "documents upon which the plaintiff's complaint necessarily relies." *Parrino*, 146 F.3d at 706. The doctrine is limited to documents "*whose contents are alleged in the complaint* and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (emphasis added).

The documents Plaintiff seeks to incorporate by reference were neither referred to nor "necessarily relied upon" in the FAC—neither in alleging Plaintiff's causes of action or setting forth relevant background information. The "product page" referenced in, and appended to

Plaintiff's FAC is entirely different from the "product sheet" attached as Exhibit 3 to the RJN; Plaintiff provides no information regarding the date of this "product sheet" and/or whether he is alleged to have relied upon it in some way. *See* FAC ¶ 38(b), Exs. 1-2. Similarly, reference to the warranty card is entirely absent from the FAC, and it is not at all clear where the warranty card appended to Plaintiff's RJN originated. And no mention is made anywhere in Plaintiff's FAC to the Anandtech, OCZ and silentpcreview.com forum discussions that he now seeks to introduce.

In any event, the "incorporation by reference" doctrine is limited to a document "whose authenticity no party questions." *Schwarz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Plaintiff utterly fails to provide any authentication with respect to Exhibits 1 through 6. As a result, OCZ questions the authenticity of the documents and Exhibits 1 through 6 of Plaintiff's RJN are not subject to incorporation by reference. *See In re Easysaver Rewards Litig.*, 737 F. Supp. 2d at 1168 (printouts from a website do not bear the indicia of reliability demanded for other self-executing documents under Fed. R. Evid. 902); *Hotel Employees and Restaurant Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 979 (declining to incorporate an extrinsic document when opponent raised evidentiary objections); *Berry*, 2011 U.S. Dist. LEXIS 39581 at *38-39 (requiring affidavits to show the authenticity of the webpage screenshots).

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Plaintiff's Request for Judicial Notice as to all exhibits.

March 6, 2012

MAYER BROWN LLP
NEIL M. SOLTMAN
MATTHEW H. MARMOLEJO
RUTH ZADIKANY


By:  s/ Ruth Zadikany
     Ruth Zadikany
Attorneys for Defendant
OCZ TECHNOLOGY GROUP, INC.